1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                          EASTERN DISTRICT OF WASHINGTON

7    RACHEL JANINE BROWN,

8                              Plaintiff,          NO: 1:15-CV-36-RMP

          v.                                       ORDER GRANTING DEFENDANT'S
9                                                  MOTION FOR SUMMARY
     CAROLYN W. COLVIN, Acting                     JUDGMENT
10   Commissioner of the Social Security
     Administration,

11                             Defendant.

12

13          BEFORE THE COURT are Plaintiff Rachel Janine Brown's Motion for

14   Summary Judgment, **ECF No. 15**, and Defendant Carolyn W. Colvin's Motion for

15   Summary Judgment, **ECF No. 16**. The Court has reviewed the motions, Ms.

16   Brown's reply memorandum (ECF No. 19), and the administrative record, and is

17   fully informed.

18                                  **BACKGROUND**

19          Rachel Janine Brown protectively filed applications for Supplemental

20   Security Income (SSI) and Disability Insurance Benefits (DIB) on November 29,

21   2011, alleging disability since November 1, 2010, due to major depression and

     ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
     JUDGMENT ~ 1

1   back pain. ECF No. 11-5 at 2-14, ECF No. 11-6 at 7, Tr. 165-171, 194. The

2   applications were denied initially and upon reconsideration. ECF No. 11-4 at 2-8,

3   11-15, Tr. 113-119, 122-126. Ms. Brown requested a hearing on June 16, 2012.

4   ECF No. 11-4 at 16-17, Tr. 127-128. Administrative Law Judge (ALJ) Lori L.

5   Freund held a hearing on August 21, 2013, at which Ms. Brown, represented by

6   counsel, and vocational expert, K. Diane Kramer, testified.  ECF No. 11-2 at 35-

7   69, Tr. 34-68.

8       The ALJ issued an unfavorable decision on November 1, 2013, finding Ms.

9   Brown was not disabled as defined in the Social Security Act. ECF No. 11-2 at 12-

10   29, Tr. 11-28. The ALJ found that Ms. Brown had not engaged in substantial

11   gainful activity since November 1, 2010, the alleged date of onset. ECF No. 11-2

12   at 14, Tr. 13. Further, the ALJ determined that Ms. Brown had the following severe

13   impairments:  history of hernia, generalized anxiety disorder, borderline

14   intellectual functioning, personality disorder, and history of alcohol dependence.

15   *Id*.

16       However, the ALJ found that Ms. Brown did not have an impairment or

17   combination of impairments that met or medically equaled the severity of one of

18   the listed impairments. ECF No. 11-2 at 20-22, Tr. 19-21. The ALJ further found

19   that Ms. Brown had the residual function capacity (RFC) to perform a range of

20   light work with the following limitations:

21

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 2

the claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand/walk for about 6 hours in an 8-hour workday and sit for about 6 hours in an 8-hour workday. The claimant is limited to occasional climbing of ladders, ropes and scaffolds; can frequently climb less than a flight of stairs with the use of a handrail; frequent balancing, stooping, kneeling, crouching and crawling; and should avoid all exposure to hazards such as moving machinery and unprotected heights. From a mental health standpoint, the claimant is limited to simple, routine and repetitive tasks; no production rate or pace work (i.e., work performed within one shift could be accomplished, but work performed for a very specific time within a shift would be problematic on a consistent basis); would work best away from the general public; and could have superficial contact with coworkers, however, no tandem tasks could be performed.

ECF No. 11-2 at 22, Tr. 21.

The ALJ identified Ms. Brown's past relevant work as a sales clerk, a telephone solicitor, a children's attendant, and a cleaner/housekeeper. ECF No. 11-2 at 27, Tr. 26. Given Ms. Brown's age, education, work experience, and RFC, the vocational expert testified that she was not able to perform her past relevant work. *Id*. Next, the ALJ found that, considering Ms. Brown's age, education, work experience and RFC, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy that Ms. Brown could perform, including the jobs of office cleaner I, mail clerk, and lab sample carrier. ECF No. 11-2 at 27-28, Tr. 26-27.

Thus, the ALJ concluded that Ms. Brown was not under a disability within the meaning of the Social Security Act at any time from November 1, 2010, through the date of the ALJ's decision. ECF No. 11-2 at 28, Tr. 27.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

Ms. Brown filed a request for review by the Appeals Council, which was denied on December 10, 2014. ECF No. 11-2 at 2-8, Tr. 1-7. Ms. Brown filed a complaint in the District Court for the Eastern District of Washington on February 5, 2015. ECF No. 1, 5. The Commissioner answered the complaint on April 14, 2015. ECF No. 10. This matter is therefore properly before the Court pursuant to 42 U.S.C. § 405(g). Ms. Brown filed a motion for summary judgment on August 24, 2015. ECF No. 15. The Commissioner filed a cross motion for summary judgment on October 5, 2015. ECF No. 16. Ms. Brown filed a reply memorandum on October 30, 2015. ECF No. 19.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.  Ms. Brown was 47 years old at the alleged date of onset, November 1, 2010. ECF No. 11-5 at 2, Tr. 165. She completed the twelfth grade in 1981 and attended some college. ECF No. 11-6 at 8, ECF No. 11-5 at 34-36, Tr. 195, 221-223. Ms. Brown reported she stopped working in February 2011 because she was getting rides to work from her son and his car broke down, and "I was no longer able to make it to work. I was calling in sick a lot."  ECF No. 11-6 at 7, Tr. 194.

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's final decision. 42 U.S.C. § 405(g). A reviewing court must uphold

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

the Commissioner's decision, determined by an ALJ, when the decision is supported by substantial evidence and not based on legal error. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted).

The reviewing court should uphold "such inferences and conclusions as the [Commissioner] may reasonably draw from the evidence." *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the Commissioner's decision. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989); *see also Green v. Heckler*, 803 F.2d 528, 530 (9th Cir. 1986) ("This court must consider the record as a whole, weighing both the evidence that supports and detracts from the [Commissioner's] conclusion."). "[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled." *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997).

It is the role of the trier of fact, not the reviewing court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the reviewing court may not substitute its judgment for that

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

of the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

Under the Social Security Act (the "Act"),

> an individual shall be considered to be disabled . . . if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work but cannot, considering the claimant's age, education, and work experience, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B). "Thus, the definition of disability consists of both medical and vocational components." *Edlund v. Massanari,* 253 F.3d 1152, 1157 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). Step one determines if the claimant is engaged in substantial gainful

activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i) and 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the ALJ, under step two, determines whether the claimant has a medically severe impairment or combination of impairments. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. 20 C.F.R. §§ 404.1520(a)(4)(ii) and 416.920(a)(4)(ii).

If the impairment is severe, the evaluation proceeds to step three, which compares the claimant's impairment to a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii) and 416.920(a)(4)(iii); see also 20 C.F.R. §§ 404, Subpt. P, App. 1 and 416, Subpt. I, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii) and 416.920(a)(4)(iii).

Before proceeding to step four, the claimant's RFC is assessed. 20 C.F.R. §§ 404.1545(a)(1) and 416.945(a)(1). An individual's RFC is the ability to do physical and mental work activities on a sustained basis despite limitations from any impairments. 20 C.F.R. §§ 404.1545(a)(1) and 416.945(a)(1).

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to step four, where the ALJ determines whether the impairment prevents the claimant from performing work she has performed in the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

1  past. If the claimant is able to perform her previous work, the claimant is not

2  disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920(a)(4)(iv).

3      If the claimant cannot perform her previous work, the final step considers

4  whether the claimant is able to perform other work in the national economy in light

5  of her RFC, age, education, and past work experience. 20 C.F.R. §§

6  404.1520(a)(4)(v) and 416.920(a)(4)(v).

7      At step five, the burden shifts to the Commissioner to show that (1) the

8  claimant can make an adjustment to other work, and (2) specific jobs exist in the

9  national economy which the claimant can perform. *Batson v. Comm'r of Soc. Sec.*

10 *Admin.*, 359 F.3d 1190, 1193-1194 (2004).

11 **ISSUES**

12      Ms. Brown alleges that the ALJ committed reversible error by (1)

13 improperly finding Ms. Brown less than fully credible, and (2) improperly

14 rejecting the opinion of John Arnold, Ph.D.

15 **I.    Credibility**

16      Ms. Brown contests the ALJ's adverse credibility determination in this case.

17 ECF No. 15 at 11-16.

18      It is generally the province of the ALJ to make credibility determinations,

19 *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995), but the ALJ's findings

20 must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229,

21 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 8

reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient:  rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Lester*, 81 F.3d at 834.

The ALJ found Ms. Brown less than fully credible concerning the intensity, persistence, and limiting effects of her symptoms. ECF No. 11-2 at 23, Tr. 22. The ALJ reasoned that Ms. Brown was not credible because (1) her symptom reporting was contrary to the medical evidence; (2) she over-reported the severity of her symptoms; (3) she was non-compliant with treatment; (4) she quit her job for reasons other than her impairments; and (5) her daily activities were inconsistent with her reported symptoms. ECF No. 11-2 at 23-25, Tr. 22-24.

### A.    Contrary to the medical evidence

The ALJ's first reason for finding Ms. Brown less than fully credible was that her symptoms were not supported by objective medical evidence.  Although it cannot serve as the sole ground for rejecting a claimant's credibility, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ found that Ms. Brown's alleged disabling hernia and mental impairments were unsupported by the objective medical evidence, thus

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

1    undermining her credibility. ECF No. 11-2 at 23-24, Tr. 22-23. In the decision, the

2    ALJ provided multiple citations to the record supporting her finding that Ms.

3    Brown's alleged disabling hernia resulted in, "at most, mild to moderate

4    limitations," but she failed to provide a single statement from Ms. Brown that the

5    cited medical evidence contradicted. ECF No. 11-2 at 23, Tr. 22. As such, the

6    ALJ's determination that Ms. Brown's statements regarding her hernia were

7    inconsistent with objective medical evidence does not meet the specificity standard

8    set forth in *Lester*, and is in error. However, this is a harmless error because, as

9    discussed below, the ALJ provided other clear and convincing reasons to find Ms.

10   Brown less than fully credible that are supported by substantial evidence. *See*

11   *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008)

12   (upholding an adverse credibility finding where the ALJ provided four reasons to

13   discredit the claimant, two of which were invalid); *Batson*, 359 F.3d at 1197

14   (affirming a credibility finding where one of several reasons was unsupported by

15   the record); *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (an error is

16   harmless when "it is clear from the record that the . . . error was inconsequential to

17   the ultimate nondisability determination").

18        As for the ALJ's determination that Ms. Brown's statements regarding her

19   mental impairments were inconsistent with the objective medical evidence, the

20   ALJ set forth multiple allegations made by Ms. Brown and multiple citations to the

21   record showing that these allegations were not supported by the record. ECF No.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 10

1    11-2 at 22-24, Tr. 21-23. For example, the ALJ found that Ms. Brown's statements

2    that she experienced limitations in her ability to remember, complete tasks,

3    concentrate, understand, follow instructions, and get along with others were

4    inconsistent with (1) mental status examinations showing normal mood, affect,

5    memory, and concentration, (2) a report from W. Scott Mabee, Ph.D., showing Ms.

6    Brown was able to understand, remember, and carry out simple verbal written

7    instructions, and (3) a score of 63 out of 90 on formal cognitive testing, which

8    suggested an average cognitive functioning. ECF No. 11-2 at 22, 24, Tr. 21, 23.

9    Therefore, the ALJ provided sufficient specificity under *Lester*, and this portion of

10   her credibility determination is without error.

11           Furthermore, the ALJ determined that the objective evidence showed Ms.

12   Brown's mental impairments, and their resulting symptoms, improved over time.

13   ECF No. 11-2 at 24, Tr. 23. Ms. Brown asserts that her impairments and symptoms

14   did not improve and she continued to suffer from significant mental impairments,

15   citing the evaluation performed by Dr. Arnold and recent records from Deer Park

16   Family Center and Deer Park Urgent Care. ECF No. 15 at 12. However, the ALJ

17   gave Dr. Arnold's opinion little weight and, as discussed below, provided legally

18   sufficient reasons supporting this determination. Additionally the records from

19   Deer Park Family Center and Deer Park Urgent Care focus on Ms. Brown's

20   physical impairments with a few citations to depression and post-traumatic stress

21   disorder, but note that Ms. Brown was doing better with her medication. ECF No.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 11

11-7 at 218-253, Tr. 476-511. Therefore, the ALJ's determination is supported by substantial evidence and is without error.

### B.    Over-reported symptoms

The ALJ found that Ms. Brown had over-reported the severity of her mental health symptoms. ECF No. 11-2 at 24, Tr. 23. The ALJ based this determination on two Minnesota Multi-Phasic Personality Inventories (MMPI) completed by Dr. Mabee and Dr. Arnold. *Id*. Dr. Mabee found Ms. Brown's "profile pattern was deemed invalid. Her F-r and Fp-r scores were elevated beyond the level of interpretation. Her Fs score was severely elevated as well. This suggests, Ms. Brown was over-reporting severe cognitive, somatic and psychological dysfunction."  ECF No. 11-7 at 22, Tr. 280. Dr. Arnold found Ms. Brown to be credible, yet her MMPI "profile was judged invalid; however due to over endorsement of psychopathological items."  ECF No. 11-7 at 209, Tr. 467.

Ms. Brown argues that Dr. Arnold found that (1) she was earnest in her effort to complete the testing, (2) the test scores were reliable, and (3) her "significant personality problems" interfered with her ability to accurately self-report. ECF No. 15 at 13. Dr. Arnold did find that claimant was earnest in her efforts and "[w]hen called upon to be more introspective such as with the MMPI-2RF and similar tests, her personality problems tend to get in the way. Therefore, the following appears to be a generally valid and reliable reflection of client's current psychological functioning, with some tendency toward embellishment."

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

ECF No. 11-7 at 209, Tr. 467. Despite Ms. Brown's argument to the contrary, Dr. Arnold's findings actually support the ALJ's determination that she over-reported psychological symptoms. The Ninth Circuit has upheld the notion that evidence of exaggerating symptoms is a legally sufficient reason to reject a claimant's credibility. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). Therefore, the ALJ's determination that Ms. Brown's tendency to over-report her psychological symptoms is supported by substantial evidence and conforms with established law.

## C.    Noncompliant with treatment

The ALJ found that Ms. Brown had been noncompliant with medical treatment, thus supporting her determination that her symptoms were not as severe as she alleged. ECF No. 11-2 at 24-25, Tr. 23-24. Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment cast doubt on a claimant's subjective complaints. 20 C.F.R. §§ 404.1530, 416.930; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996) (finding the ALJ's decision to reject the claimant's subjective pain testimony was supported by the fact that claimant was not taking pain medication).

Ms. Brown argues that it is a questionable practice for an ALJ to rely on a lack of treatment in her credibility determination when a claimant suffers from a mental health impairment. ECF No. 15 at 13. To support her assertion, Ms. Brown

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

1    cites *Nguyen v. Chater*, 100 F.3d 1462 (9th Cir. 1996). *Id*. In *Nguyen*, the Ninth

2    Circuit found that the ALJ erred by favoring a non-examining psychologist opinion

3    over an examining psychologist. 100 F.3d at 1464. One of the reasons the ALJ in

4    *Nguyen* offered for rejecting the examining opinion was that no evidence existed of

5    findings or complaints about the existence of a mental disorder prior to the

6    claimant's exam that was conducted in connection with her request for benefits. *Id*.

7    The Ninth Circuit noted that people afflicted with depression often fail to

8    recognize they need help, and thus "the fact that claimant may be one of millions

9    of people who did not seek treatment for a mental disorder until late in the day is

10   not a substantial basis on which to conclude that [an examining physician's]

11   assessment of claimant's condition is inaccurate."  *Id*.

12       *Nguyen* is not directly applicable to the case at bar. Here, the ALJ relied

13   upon Ms. Brown's lack of treatment in order to assess whether her assertions that

14   pain and mental health symptoms rendered her disabled were credible.

15   Furthermore, there is a lack of evidence in the record to support Ms. Brown's

16   assertion that her judgement was impaired to the point she was unaware of her

17   need for treatment:  "her judgement/problem solving skills are emotional," ECF

18   No. 11-7 at 21, Tr. 279; "Judgement/insight – good," ECF No. 11-7 at 71, 79, 90,

19   102, Tr. 329, 337, 348, 360; and Judgement checked as "Good," ECF No. 11-7 at

20   119, 139, Tr. 377, 397. Therefore, the ALJ's determination is supported by

21   substantial evidence and meets the clear and convincing standard.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 14

**D.    Stopped working for other reasons**

The ALJ found that Ms. Brown leaving her last job as a childcare attendant due to transportation issues and not due to her impairments, "raises a question as to whether her continuing unemployment is actually due to medical impairments." ECF No. 11-2 at 25, Tr. 24. The Ninth Circuit has held that an ALJ can properly rely on the fact that a claimant left her job due to reasons other than disability, i.e. being laid off, in finding the claimant not entirely credible. *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001).

When Ms. Brown applied for benefits, she stated that she left her job as a childcare assistant because "I was getting rides to work from my son and his car broke down and I was no longer able to make it to work. I was calling in sick a lot." ECF No. 11-6 at 7, Tr. 194. At the hearing Ms. Brown testified that she left the job because she was a substitute and was not making herself available "[b]ecause I would get really anxious and upset and I would get really nervous when I went into work and I just didn't feel like coming in a lot of time." ECF No. 11-2 at 41, Tr. 40.

Ms. Brown asserts that the ALJ's reliance on her statement made upon application was in error, and instead, the ALJ should have relied upon her statement at the hearing. ECF No. 15 at 13. If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. Here, Ms. Brown's statement at application

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

1    supports the ALJ's finding and her statement at the hearing supports her assertion.

2    Therefore, the Court will not disturb the ALJ's determination.

3        **E.    Activities of Daily Living**

4        The ALJ determined that Ms. Brown's daily activities were inconsistent with

5    her alleged severity of symptoms. ECF No. 11-2 at 25, Tr. 24.

6        A claimant's daily activities may support an adverse credibility finding if (1)

7    the claimant's activities contradict her other testimony, or (2) "the claimant is able

8    to spend a substantial part of [her] day engaged in pursuits involving performance

9    of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495

10   F.3d 625, 639 (9th Cir. 2007) (citing *Fair*, 885 F.2d at 603). "The ALJ must make

11   'specific findings relating to [the daily] activities' and their transferability to

12   conclude that a claimant's daily activities warrant an adverse credibility

13   determination." *Id*. (quoting *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir.

14   2005)). A claimant need not be "utterly incapacitated" to be eligible for benefits.

15   *Fair*, 885 F.2d at 603.

16       In this case, the ALJ determined that Ms. Brown's ability to attend AA

17   meeting four times a week, attend weekly church services, go shopping on a

18   regular basis, do volunteer work, desire to attend college, taking 20 minute walks,

19   and exercising daily at a moderate activity level was inconsistent with Ms.

20   Brown's reports that she suffers from severe mental health symptoms, social

21   isolation, lack of motivation, and the inability to walk for more than 10 minutes.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 16

ECF No. 11-2 at 25, Tr. 24. Ms. Brown argues that it is error for the ALJ to consider her home activities in a credibility determination because home activities are different from the pressures of a workplace environment, citing *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014). ECF No. 15 at 14-15. But the activities Ms. Brown described were in excess of typical home activities, and therefore different from those the claimant in *Garrison* had performed. In *Garrison*, the ALJ found talking on the phone, preparing meals, cleaning her room, and helping care for her daughter should not be considered inconsistent with the claimant's alleged disabilities. 759 F.3d at 1016. Here, the ALJ found that Ms. Brown was engaged in social activities, volunteer work, walking for 20 minutes, and exercising daily at a moderate activity level. These statements were directly inconsistent with her reports of social isolation and an inability to walk for more than 10 minutes. Therefore, the ALJ's determination is supported by substantial evidence and in accordance with established law.

In conclusion, the ALJ justified her unfavorable credibility determination with clear and convincing reasons supported by substantial evidence and is free of harmful legal error.

## II.    Medical Opinion of John Arnold, Ph.D.

Ms. Brown argues that the ALJ failed to properly consider and weigh the medical opinion expressed by Dr. Arnold. ECF No. 15 at 16-17.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester*, 81 F.3d at 830. The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician. *Orn*, 495 F.3d at 631. The ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id.*

When an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons. *Lester*, 81 F.2d at 830. When an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" for rejecting the opinion. *Id*. at 830-831.

The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-422 (9th Cir. 1988).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18

1    Dr. Arnold only saw Ms. Brown once.  ECF No. 11-7 at 207-211, Tr. 465-

2    469.  Therefore, Dr. Arnold qualifies as an examining physician.  The ALJ gave

3    Dr. Arnold's opinion "little weight," because (1) his opinion was inconsistent with

4    his own evaluation, and (2) his opinion was unreliable due to Ms. Brown's invalid

5    MMPI score. ECF No. 11-2 at 26, Tr. 25.

6    The ALJ's first reason for rejecting Dr. Arnold's opinion, that it was

7    inconsistent with his own evaluation, is a legally sufficient reason. *See Bayliss v.*

8    *Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (finding that an ALJ may cite

9    internal inconsistencies in evaluating a physician's report). The ALJ specifically

10    found that Dr. Arnold's findings that Ms. Brown was alert and oriented, had

11    appropriate attire, had normal hygiene, and was cooperative in answering questions

12    was inconsistent with Dr. Arnold's opinion that she would have moderate to

13    marked limitations in social interactions. ECF No. 11-2 at 26, Tr. 25. Likewise, the

14    ALJ found that Dr. Arnold's findings that Ms. Brown had normal concentration,

15    short-term memory and long-term memory on her mental status examination was

16    inconsistent with his opinion that she would have moderate and marked limitations

17    in sustained concentration and persistence. *Id*.

18    Ms. Brown asserts that "[t]hese brief observations do not negate the findings

19    based on the extensive objective testing Dr. Arnold performed, which formed the

20    basis  of his limitations findings," but fails to set forth any evidence in the record,

21    such as the test results, which would support Dr. Arnold's opinion. ECF No. 15 at

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 19

17. Therefore, the ALJ's determination that Dr. Arnold's opinion was inconsistent with the results of his evaluation is supported by substantial evidence and free of legal error.

Ms. Brown fails to challenge the ALJ's second reason for rejecting Dr. Arnold's opinion, that it was unreliable due to her MMPI scores. ECF No. 15. The court ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief. *See Carmickle*, 533 F.3d at 1161 n.2. The Ninth Circuit explained the necessity for providing specific argument:

> The art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. Particularly on appeal, we have held firm against considering arguments that are not briefed. But the term "brief" in the appellate context does not mean opaque nor is it an exercise in issue spotting. However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so. It is no accident that the Federal Rules of Appellate Procedure require the opening brief to contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."    Fed. R. App. P. 28(a)(9)(A). We require contentions to be accompanied by reasons.

*Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003). Moreover, the Ninth Circuit has repeatedly admonished that the court will not "manufacture arguments for an appellant" and therefore will not consider claims that were not actually argued in appellant's opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). Because Ms. Brown failed to provide adequate briefing, the Court declines to consider the remaining issue.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 20

The ALJ's determination giving Dr. Arnold's opinion little weight will not be disturbed.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1.    Defendant's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED**.

2.    Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

The District Court Clerk is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  **Judgment shall be entered for Defendant** and the file shall be **CLOSED**.

**DATED** this 16th day of March 2016.


_____s/ Rosanna Malouf Peterson_____
ROSANNA MALOUF PETERSON
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 21